## EUGENE EDUCATION ASSOCIATION,
*Petitioner,*

*v.*

## EUGENE SCHOOL DISTRICT NO. 4J et al,
*Respondents.*

(No. C-141-78, CA 16906)

623 P2d 657

Henry H. Drummonds, Eugene, argued the cause for petitioner. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Stuart M. Brown, Eugene, argued the cause for respondent Eugene School District No. 4J. With him on the brief was Young, Horn, Cass & Scott, Eugene.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Relations Board.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Petitioner Eugene Education Association seeks judicial review of an Employment Relations Board order holding that the School District did not commit an unfair labor practice under ORS 243.672(1)(g)[1] by refusing to comply with an arbitration award in a grievance proceeding arising under the collective bargaining agreement between the District and the Association. The Board employed an incorrect standard in reviewing the arbitration award, and the matter is remanded for a proper interpretation and application of the law. *Willamina Ed. Assoc. v. Willamina School Dist. 30J,* 50 Or App 195, 623 P2d 658 (1981).

We note that the arbitrator's opinion and award seems to be internally inconsistent, apparently because the arbitrator relied on a previous ERB case involving the same parties, *Eugene Education Association v. Eugene School District, No. 4J,* ERB C-104-76, 2 PECBR 1101 (1977). In that case the Association charged that the District had violated ORS 243.672(1)(e),(f) and (g) by unilaterally discontinuing its previous practice of assigning extra duty for supervision of certain sports activities to teachers and that the District's actions violated the terms of the collective bargaining agreement. ERB ruled that subcontracting out work theretofore done by members of the bargaining unit was a mandatory subject of bargaining and that the District was required to bargain on the matter; but it also concluded that the District did not violate any of the provisions of its collective bargaining agreement. The Association did not seek judicial review of that decision, apparently because it "won" on the statutory issues before ERB. The arbitrator in the instant case felt compelled to follow that ruling, even though it appears inconsistent on its face. As a result the same *apparent* inconsistency made

---

[1] ORS 243.672(1)(g) provides:

"It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"(g) Violate the provisions of any written contract with respect to employment relations including an agreement to arbitrate or to accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them."

its way into the opinion and award. We express no opinion on the merits of the arbitrator's opinion and award or on the validity of the Board's 1977 decision.

Remanded.